**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DON N. ANDERSON,**

 **Petitioner,**

 v.

**UNITED STATES OF AMERICA,**

 **Respondent.**

   **CASE NO. 2:07-cv-010
   CRIM. NO. 2:05-cr-172
   JUDGE SARGUS
   MAGISTRATE JUDGE KING**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

On July 28, 2005, the federal grand jury in Columbus, Ohio, indicted petitioner on three counts of possession with intent to distribute over five grams of crack cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(iii), three counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c), and three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g).  Doc. No. 1.  On January 12, 2006, while represented by counsel and pursuant a plea agreement signed on December 15, 2005, petitioner pleaded guilty to counts one and two of the indictment – one count of possession with the intent to distribute over five grams of crack cocaine, and one count of possession of a firearm in furtherance of a drug trafficking crime.  Doc. Nos. 14, 17.  In a judgment entry filed on May 5, 2006, the Court

sentenced petitioner to sixty months on count one and sixty months on count two, such sentences to run consecutively to each other, plus five years supervised release. *Id.* Petitioner filed a timely appeal, Doc. No. 26; however, on July 10, 2006, he thereafter filed a motion to withdraw the appeal. *See Attachments B and C to Return of Writ*.

On January 8, 2007, petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts the following claims:

>   1. Ineffective assistance of counsel at sentencing and to his appeal.
>
>   2. Defendant's sentence is unconstitutional based on his five years supervised release.

It is the position of the respondent that both of the foregoing claims are without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In claim one, petitioner asserts that he was denied the effective assistance of counsel in connection with petitioner's guilty plea because his attorney knew that petitioner was actually innocent of the charges against him and knew, too, that the evidence against petitioner "was so tenuous as to be practically non-existent." *Petition,* at 5. Petitioner also asserts that his attorney improperly advised him to withdraw his appeal.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988)(quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries

a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Sparks v. Sowders,* 852 F.2d at 884. In order to obtain relief, a prisoner challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Petitioner has failed to meet this standard here.

Petitioner signed a plea agreement indicating that he understood the maximum sentences he was facing and that he was pleading guilty to an offense that carried a mandatory minimum consecutive sentence of sixty months imprisonment. Doc. No. 14. Additionally, the Court thoroughly advised petitioner at the time of his guilty plea of all of the rights he was waiving and of the nature of the offenses to which he was pleading guilty. *Transcript, Change of Plea*, January 12, 2006. The Court explicitly advised petitioner of the elements of the offenses to which he was pleading guilty. *Id.*, at 6-7. Petitioner at all times indicated that he understood this advice. The Court advised petitioner that he faced a minimum term of five years on count one, and a maximum

term of up to forty years.  *Id.*, at 7.  On count two, the Court advised petitioner that he faced an additional five year mandatory consecutive sentence*.  Id.*, at 8.

> COURT: When I say consecutive, you understand what this means is that in addition to the sentence you receive on Count 1, that the sentence you receive on Count 2 must be served in addition to any time to which you are sentenced as to Count 1?
>
> DEFENDANT: Yes, sir.

*Id.* The Court likewise advised petitioner regarding the period of supervised release that could be imposed.  *Id.*

> I used the term "supervised release."  Do you understand that would be a period of months or years which would follow a term of imprisonment, during which time you would report to a probation officer of this court or perhaps some other federal district court if you decide to move.
>
> Do you understand that that probation officer would enforce certain rules and regulations and terms and conditions of your supervised release?  And if you failed to meet those terms and conditions, that I could cause you to be re-incarcerated for the term of your supervised release?  Do you understand those consequences as well?
>
> DEFENDANT: Yes, sir.

*Id.*, at 8-9.  Petitioner stated that he had discussed the case with his attorney and was satisfied with defense counsel.

> COURT: Have you discussed this change of plea with your attorney, Mr. Belton?
>
> DEFENDANT: Yes, sir.
>
> COURT: Have you discussed with him any possible defenses you might have to these two charges?
>
> DEFENDANT: Yes, sir.

Id., at 3.

> COURT: [H]ave you told Mr. Belton everything you know about this case?
>
> DEFENDANT: Yes, sir.
>
> COURT: Do you believe then that he is fully informed and aware of all the circumstances involved in the charges involved in this case?
>
> DEFENDANT: Yes, sir.
>
> COURT: And has he fully informed you and advised you as to the precise nature and meaning of these charges together with any defenses you might have to these charges?
>
> DEFENDANT: Yes, sir.
>
> COURT: And are you satisfied with his advice and representation of you in this case?
>
> DEFENDANT: Yes, sir.

*Id*., at 5-6.

> COURT: Have you and Mr. Belton discussed how the sentencing guidelines might apply in your case?
>
> DEFENDANT: Yes, sir.

*Id.*, at 9. Petitioner denied that anyone had made any promises to him aside from those contained in the plea agreement. *Id.,* at 13. The prosecutor summarized the facts of the case in relevant part as follows:

> On November 4, 2003, Columbus police department officers were conducting an active investigation and were looking for additional suspects related to a search warrant. The suspects were possibly driving a red Jeep Cherokee.
>
> A red Jeep Cherokee was located in the area of Alum Creek Drive and Corvair. Officers approached the vehicle, and the driver of the vehicle, later identified as Donald Anderson, exited the vehicle and

> appeared to the officers to be looking around as if to run away from them.
>
> Officer Hilsheimer approached Mr. Anderson, who still appeared to be nervous and looking for a place to run. The officer noticed the front seat and back seat passengers in the Jeep Cherokee making continuous furtive movements.
>
> Additional Columbus police officers arrived on the scene, and Officer Hilsheimer patted down Mr. Anderson for weapons. Officer Hilscheimer felt what appeared to be a hard object in Mr. Anderson's right front pants pocket, to which Mr. Anderson reached for as the officer attempted to pat him down. In order to remove the object from Anderson's pants pocket, the officer had to remove a quantity of narcotics, that being crack cocaine and powder cocaine. The large hard object in Mr. Anderson's right pocket was a Microtech scale.
>
> During an inventory search of the Jeep Cherokee, officers recovered a loaded Davis Arms model firearm DM-22 magnum derringer pistol .... Additional items were recovered from the inventory search, including additional baggies of crack cocaine. The total amount of crack cocaine recovered from the vehicle was 33.3 grams of crack.
>
> During a conversation between the officer and narcotics Detective Garrison regarding the incident and the possibility of charging the passengers, Mr. Anderson stated, they are not involved.

*Id*., at 14-15. Petitioner admitted his guilt and stated that he was pleading guilty because it was his desire to do so. *Id.,* at 17-18; *see also PreSentence Investigation Report*, at ¶32 (admitting responsibility for the firearm). He agreed with the statement of facts, aside from "the part about running away." *Id*., at 16.

Pursuant to the terms of his guilty plea, counts three through nine of the indictment were dismissed, thereby substantially reducing petitioner's prison exposure. The government agreed not to file any additional criminal charges against petitioner. *Plea Agreement,* at 3. Petitioner received a two point reduction in his recommended sentence under the United States Sentencing Guidelines for his acceptance of responsibility, *PreSentence Investigation Report,* at ¶44, and a one point

reduction for timely notifying authorities of his intention to enter a guilty plea. *Id.,* at ¶45. He obtained the minimum possible sentence for his offenses of conviction; indeed, petitioner was sentenced to only sixty months on count one even though the minimum guideline sentence on that count was 97 months incarceration. *See id., Sentencing Recommendations*; ¶¶65-66. Further, and contrary to petitioner's allegation here, the record does not reflect that the government would have been unable to establish the charges against him. Under these circumstances, it is unlikely that defense counsel would have advised petitioner against accepting the guilty plea, and petitioner has failed to establish that he was denied the effective assistance of counsel under *Strickland*.

Petitioner also asserts the ineffective assistance of counsel because his attorney "had the defendant... dismiss his appeal." *Petition,* at 5. However, the record reflects that it was petitioner who withdrew his appeal, submitting an affidavit indicating that his decision to do so was "made knowingly, intelligently and voluntarily." *See Attachments B and C to Return of Writ*. This Court granted defense counsel's request to withdraw from petitioner's representation shortly after the appeal was filed, on June 16, 2006, and before petitioner filed his July 10, 2006, request to withdraw the appeal. Doc. Nos. 29, 30.

In sum, petitioner has failed to establish the ineffective assistance of counsel.

## SENTENCING

In claim two, petitioner asserts that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005), because he was sentenced to five years supervised release based upon facts contained in the PreSentence Investigation Report. *Petition*, at 5-6. This claim is plainly without merit.

As discussed, petitioner was sentenced to the minimum mandatory terms of incarceration required for his offenses of conviction. The United States Sentencing Guidelines were given

advisory, but not mandatory, consideration in this case. *See Transcript, Change of Plea*, at 9-10. Petitioner's conviction on count one carried a mandatory minimum term of four years supervised release; supervised release of up to five years was possible under the United States Sentencing Guidelines. *See PreSentence Investigation Report*, ¶70. Under the sentencing guidelines, conviction on count two carried an authorized term of three to five years supervised release. *Id.*, at 74. The Court did not violate *Booker* in making the discretionary decision to sentence petitioner to an aggregate term of five years supervised release on both counts. The United States Supreme Court stated in *Booker*:

> We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. See *Apprendi,* 530 U.S., at 481, 120 S.Ct. 2348; *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). ... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*United States v. Booker, supra*, 543 U.S. at 233.

Claim two is without merit.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


October 3, 2007                                                                                     *s/Norah McCann King*
                                                                                                     Norah McCann King
                                                                                             United States Magistrate Judge